New York State Police v P.M. (2025 NY Slip Op 51252(U))

[*1]

New York State Police v P.M.

2025 NY Slip Op 51252(U)

Decided on August 7, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 7, 2025
Supreme Court, Westchester County

New York State Police, Petitioner,

against
P.M., Respondent.

Index No. 66773/2025

Attorney for Petitioner:
State of New York Office of the Attorney General
By: Kathleen Kelly, Esq., Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, New York 10601 
(914) 461-9579 
Respondent Appeared Pro Se

William J. Giacomo, J.

FACTUAL AND PROCEDURAL BACKGROUND
On July 13, 2025 petitioner the New York State Police filed an application pursuant to CPLR Article 63-A for an Extreme Risk Protection Order (ERPO), which would preclude respondent P.M. from possessing or purchasing a firearm for one year. Pursuant to the statute, "a police officer or district attorney shall file such application upon the receipt of credible information that an individual is likely to engage in conduct that would result in serious harm to himself, herself or others, as defined in paragraph one or two of subdivision (a) of section 9.39 of the mental hygiene law, unless such petitioner determines that there is no probable cause for such filing." CPLR 6341.
When asked to provide the facts and circumstances justifying the issuance of an ERPO, petitioner stated that respondent was arrested on July 11, 2025 for violating an order of protection issued by the Westchester County Family Court. Respondent was charged with 16 counts of Criminal Contempt in the second degree. Petitioner stated that respondent violated the order of protection on at least 16 occasions since his previous arrest on May 19, 2025, which was also for violating an order of protection against the same protected person, who is respondent's sister and the Commissioner of the New York State Division of Human Rights. For example, respondent referred to or mentioned the protected person on Facebook and emailed the protected person's husband, directly violating the order of protection. According to petitioner, although the references made on Facebook did not indicate a threat of violence, respondent appears to be motivated to damage his sister's reputation. Petitioner did not request a search order in the application.
On July 15, 2025, this Court issued a temporary ERPO (TERPO) pursuant to CPLR 6342. The TERPO prohibited respondent from "purchasing, possessing or attempting to purchase or possess a firearm, rifle or shotgun" and ordered him to "immediately surrender any and all" such items.
The matter was set down for a hearing to determine whether a final ERPO should be issued, with the TERPO remaining in place until that date.
Final ERPO Hearing
The parties appeared for a hearing on August 5, 2025. Raymond S. Arcieri, investigator with New York State Police, testified on petitioner's behalf. Arcieri testified that respondent voluntarily met with him for an interview after being contacted. During their meeting, Aricieri did not fear for his safety or feel like respondent was a threat to him. Petitioner also noted that respondent was cooperative when accepting service of the TERPO papers. Petitioner acknowledged that respondent does not possess a license to carry a weapon and does not possess any firearms. Further, respondent has open criminal and family court matters with existing court orders in place which prevent him from purchasing firearms.
During the hearing, petitioner claimed that an ERPO is necessary, as respondent is likely to harm himself or others. Specifically, petitioner argued that the ERPO is warranted as respondent violated the current order of protection in place by posting things on Facebook that he should not be posting. Upon questioning, petitioner advised the Court that the sole reason for the ERPO application is respondent's violation of the order of protection. 
Respondent appeared pro se. According to respondent, petitioner applied for an ERPO in retaliation for respondent's posts on social media about his sister. 
DISCUSSION
A Court may issue a TERPO "upon a finding that there is probable cause to believe the respondent is likely to engage in conduct that would result in serious harm to himself, herself or others, as defined in paragraph one or two of subdivision (a) of section 9.39 of the mental [*2]hygiene law." CPLR 6342 (1). While the standard for granting a TERPO is probable cause, the standard for granting a final ERPO is clear and convincing evidence. See CPLR 6343. Mental Hygiene Law § 9.39 applies to admission and retention of persons alleged to be mentally ill and requiring emergency admission for immediate observation, care, and treatment. It states, in relevant part:
"The director of any hospital maintaining adequate staff and facilities for the observation, examination, care, and treatment of persons alleged to be mentally ill and approved by the commissioner to receive and retain patients pursuant to this section may receive and retain therein as a patient for a period of fifteen days any person alleged to have a mental illness for which immediate observation, care, and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others. 'Likelihood to result in serious harm' as used in this article shall mean:
1. substantial risk of physical harm to himself as manifested by threats of or attempts at suicide or serious bodily harm or other conduct demonstrating that he is dangerous to himself, or
2. a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm."
Pursuant to CPLR 6342 (2), the Court shall consider the following nonexhaustive factors when determining whether there is a basis for a temporary extreme risk protection order:
"(a) a threat or act of violence or use of physical force directed toward self, the petitioner, or another person;
(b) a violation or alleged violation of an order of protection;
(c) any pending charge or conviction for an offense involving the use of a weapon;
(d) the reckless use, display or brandishing of a firearm, rifle or shotgun;
(e) any history of a violation of an extreme risk protection order;
(f) evidence of recent or ongoing abuse of controlled substances or alcohol; or
(g) evidence of recent acquisition of a firearm, rifle, shotgun or other deadly weapon or dangerous instrument, or any ammunition therefor."
In determining whether there is a basis to issue an ERPO, the Court considers these factors and may consider, in pertinent part, the "petition and any evidence submitted by the petitioner, any evidence submitted by the respondent, any testimony presented, and the report of the relevant law enforcement agency . . ." CPLR 6343 (2). After holding a hearing, the Court "shall issue a written order granting or denying the extreme risk protection order and setting forth the reasons for such determination." CPLR 6343 (3) (a). 
In sum, "at a hearing to determine whether to issue a final ERPO, the petitioner has the burden of proving, by clear and convincing evidence, that the respondent is likely to engage in conduct that would result in serious harm to himself, herself or others, as defined in Mental Hygiene Law § 9.39 (a) (1) or (2)." Matter of Orangetown Police Dept. v Cashell, 2025 NY App Div Lexis 3261, *4-5 (2d Dept 2025) (internal quotation marks and citation omitted). Where, like here, "there was no allegation or evidence of potential self harm, likelihood to result in serious harm means a substantial risk of physical harm to other persons as manifested by [*3]homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm." Id. at *5. It is well settled that the "clear and convincing evidence standard means that petitioner must establish that the evidence makes it highly probable that what it claims is accurate." Matter of Duane II. (Andrew II.) 151 AD3d 1129, 1130-1131 (3d Dept 2017) (internal quotation marks omitted). 
In this case, petitioner is unable to meet its burden to show, by clear and convincing evidence, that respondent is likely to engage in conduct that would result in serious harm to himself or others. Out of the seven factors the Court shall consider as grounds for issuing a TERPO/ERPO, petitioner conceded that here, only one ground is applicable; namely, a violation of an order of protection. However, respondent violated the order of protection by referencing the protected person on Facebook and by emailing the protected person's husband. Although petitioner claims that respondent is likely to engage in conduct that would result in serious harm to others, there is no evidence to support this contention. Petitioner testified that respondent was cooperative with the investigator and never made a threat of violence against anyone. There is no evidence in the record that respondent manifested "violent" behavior, placing others "in reasonable fear of serious physical harm." The ERPO application itself states that respondent's references on Facebook have not indicated a threat of violence and appear to be motivated to cause reputational damage. Moreover, respondent presently does not have a license for a firearm and does not own any firearms. Finally, court proceedings/orders are already in place which prevent respondent from purchasing firearms.
As petitioner is unable to meet its burden, the petition is dismissed on the merits. See Matter of R.M. v C.M., 226 AD3d 153, 157 (2d Dept 2024). 
All other arguments raised on this application and evidence submitted by the parties in connection thereto have been considered by this court notwithstanding the specific absence of reference thereto.
CONCLUSION
Accordingly, it is hereby
ORDERED that petitioner's application for an ERPO is denied and the petition is dismissed. The TERPO, set to expire on August 15, 2025, is hereby vacated.
Dated: August 7, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.